UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERNESTO TORRES GARCIA,

                        Plaintiff,

- against-

NATIONWIDE MACHINERY SALES,

                        Defendant.
----------------------------------------------------------X
FEUERSTEIN, J.

**OPINION AND ORDER
08 CV 4167 (SJF)**

On October 14, 2008, plaintiff Ernesto Torres Garcia ("plaintiff") filed this diversity action against defendant Nationwide Machinery Sales ("defendant") alleging claims for personal injuries sustained on defendant's property. Defendant now moves, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of personal jurisdiction. For the reasons stated herein, defendant's motion is granted.

I.    Background

    A.    Factual Allegations

Plaintiff is a resident of the State of New York. (Complaint [Compl.], ¶ 1, 2). Defendant is a Michigan corporation, with its principal place of business located at 1950 Briston, Troy, Michigan. (Affidavit of Phyllis J. Dockeray dated January 13, 2009 [Dockeray Aff.], ¶3, Compl. ¶ 1.) Defendant "sells equipment for the plastic and metal-working industry." (Dockeray Aff., ¶3). Defendant does not maintain any office or have any employees in New York. (Dockeray

1

Aff., ¶ 4). In addition, defendant's sales to New York "comprise a mere fraction of one percent of [its] total sales" over the past seven [7] years. (Dockeray Aff., ¶ 4).

Plaintiff alleges that on December 3, 2007, while on defendant's business property in Michigan, "objects and machinery [fell] from a certain height striking [him]..." (Compl. ¶ 4-5, 10). Plaintiff also avers that "the accident and injuries were caused by the carelessness, recklessness, and negligence of the defendant." (Compl. ¶ 8).

### B. Procedural History

On October 14, 2008, plaintiff filed this diversity action against defendant seeking damages for personal injuries allegedly sustained by him on defendant's property. Defendant now moves, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of personal jurisdiction.

## II. Discussion

### A. Legal Standard

In order to determine whether there is a basis to exercise personal jurisdiction over a defendant in a diversity case, a district court is required to apply a two (2) part analysis. See Grand River Enter. Six Nations, Ltd., v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005); Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). First, the court must look to the law of the forum state, here New York, to determine whether there is jurisdiction over the defendant. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) (holding that in diversity cases, the issue of personal jurisdiction is governed by the

laws of the forum state, so long as the exercise of jurisdiction comports with the requirement of due process); Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996). Second, a court "must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." Bank Brussels, 171 F.3d at 784.

In opposing a Rule 12(b)(2) motion prior to discovery, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant * * *. Where a court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Grand River, 425 F.3d at 165, (quoting Bank Brussels, 171 F.3d at 784) (citations and internal quotation marks omitted) (alteration in original). In order to make a prima facie showing of jurisdiction, the plaintiff need only plead "legally sufficient allegations of jurisdiction." Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir 2001) (quoting Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998)).

"Unlike a motion to dismiss pursuant to Rule 12(b)(6), deciding a Rule 12(b)(2) motion necessarily requires resolution of factual matters outside the pleadings." ADP Investor Communication Servs. Inc. v. In House Attorney Servs. Inc., 390 F. Supp. 2d 212, 217 (E.D.N.Y. 2005). "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." Whitaker, 261 F.3d at 208 (quoting A.I. Trade Finance, Inc. v. Petra Bank, 989 F. 2d 76, 79-80 (2d Cir. 1993)); see also In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (holding that a plaintiff's averments of jurisdictional facts must be credited as true).

3

B.  General Jurisdiction[1] - N.Y. C.P.L.R. §301

Under New York law, an out-of-state defendant is subject to general personal jurisdiction if it is "doing business" in the state. N.Y. C.P.L.R. § 301; see also Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000). Section 301 "permits a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is 'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of its "presence" in this jurisdiction.'" Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (citing McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)). "[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" Wiwa 226 F.3d at 95 (citing Hoffritz for Cutlery, Inc. v. Amajac Ltd., 763 F.2d 55, 58 (2d Cir. 1985)).

In order to establish general personal jurisdiction under Section 301, a plaintiff must demonstrate that the defendant engaged in "continuous, permanent, and substantial activity in New York." Landoil, 918 F.2d at 1043 (citations and quotation marks omitted). "The test is a 'simple pragmatic one' * * *, which is necessarily fact sensitive because each case is dependent upon its own particular circumstances" Id. (citations omitted). Factors to be considered in determining whether general jurisdiction lies under Section 301 include: (1) whether the defendant maintains an office in New York; (2) whether the defendant has any bank accounts or

---

[1] "General" jurisdiction exists where the plaintiff's claim is not related to the defendant's contacts with New York. See, e.g. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000).

4

other property within the state; (3) whether the defendant has a telephone listing in the state; (4) whether the defendant does public relations work or solicits business within the state; and (5) whether the defendant has employees or agents within the state. See Wiwa, 226 F.3d at 98; Landoil, 918 F.2d at 1043.

Plaintiff has not made a prima facie showing that defendant had a "substantial 'physical corporate presence' in [New York], permanently dedicated to promoting [its] interests," Wiwa, 226 F.3d at 98, sufficient to confer general personal jurisdiction over defendant. The evidence submitted on the motion establishes that defendant did not maintain an office in New York or have any employees in New York. (Dockeray Aff., ¶ 4). Moreover, plaintiff does not allege that defendant had any bank accounts, property, or a telephone listing in New York or that defendant performed public relations work in New York. Thus, general personal jurisdiction may only be found if defendant solicited business in New York.

"[M]ere solicitation of business in the state without more is insufficient for jurisdiction. If, however, 'solicitation is substantial and continuous, and defendant engages in other activities of substance in the state, then personal jurisdiction may properly be found to exist.'" Sound Around Inc. v. Audiobahn, Inc., 07 Civ. 773, 2008 WL 5093599, at *5 (E.D.N.Y. Nov. 24, 2008) (citing Landoil, 918 F.2d at 1043). "Under this solicitation-plus rule, once solicitation is found in any substantial degree very little more is necessary to a conclusion of doing business." Landoil, at 1044 (citations and quotation marks omitted). When looking at whether a defendant corporation has solicited business in New York, "the volume of the defendant's sales in New York as a fraction of its total sales" is considered when determining whether a "solicitation-plus" [finding] can be made." Sound Around, 2008 WL 5093599, at *5.

Plaintiff alleges only that defendant maintained "substantial contacts" with the State of New York through: (1) the generation of "over one (1) million dollars in revenue" from sales in New York, (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [Mem. Opp.] p. 3); (2) "[s]everal e-mail communications ...between the plaintiff and defendant leading up to an invitation to visit the Michigan company to inspect the machinery for sale," (id.); and (3) its website, (id. at p. 5).

Although plaintiff has shown that defendant generated "over one (1) million dollars in the past several years in total annual sales just in the State of New York alone," he does not specify how many years "the past several years" represent or provide any information concerning defendant's gross sales during the same period. Defendant, however, has demonstrated that its New York sales between the years 2002 and 2008 represented less than one (1) percent of its total sales. (Dockeray Aff. ¶ 4). Even considering the "several e-mail communications. . . between the plaintiff and defendant" pertaining to a potential sale, defendant's insubstantial sales to New York do not amount to the "substantial and continuous" solicitation needed to confer general jurisdiction over defendant. See e.g. Overseas Media, Inc. v. Skvortsov, Nos. 06-4095 - CV (L), 07-2952 - CV (CON), 277 Fed. Appx 92, 95 (2d. Cir. May 8, 2008) (finding that there was no personal jurisdiction under Section 301 over the defendant, who had no office, bank accounts, property, mailing address or personnel in New York; who made only phone or e-mail based sales overtures to the plaintiff in New York; and whose total revenue attributable to New York was less than one percent (1%)); Copterline Oy v. Sikorsky Aircraft Corp., No. 06 CV 6787, 2007 WL 2687661 at *7 (E.D.N.Y. Sept. 10, 2007) (citing cases holding that where a

foreign corporation derives less than 5% of its overall revenue from sales in New York, such sales are not substantial enough to confer personal jurisdiction over that corporation).

Nor is defendant's maintenance of a website accessible to New Yorkers sufficient to confer general personal jurisdiction over defendant, in light of its relatively negligible volume of sales in New York. "When solicitation involves a website, 'the fact that a foreign corporation has a website accessible to New York is insufficient to confer jurisdiction under C.P.L.R. § 301.'" Sound Around, at *6 (citations and quotation marks omitted). "A court must examine the nature and quality of the activity on the website, which may range from passive websites that display but do not permit an exchange of information to interactive [websites], which permit the exchange of information between the defendant and [website] viewers, to cases in which the defendant clearly does business over the internet." Id. (citations and quotation marks omitted). However, even "interactive" websites do not support general personal jurisdiction unless solicitation through that website was "substantial and continuous." Landoil, 918 F.2d at 1043; Holey Soles Holdings, Ltd. v. Foam Creations, Inc., No. 05 Civ. 6939, 2006 WL 1147963, at *5 (S.D.N.Y. May 1, 2006) (holding that a foreign corporation's website which is accessible to New Yorkers is insufficient to confer jurisdiction under Section 301 unless the website was purposefully directed towards them). Since plaintiff has not made a prima facie showing that defendant engaged in substantial and continuous solicitation of business in New York, this court does not have general personal jurisdiction over defendant pursuant to Section 301.

C. Specific Jurisdiction – N.Y. C.P.L.R. § 302

Personal jurisdiction may still be found over a defendant who is not "doing business" in New York within the meaning of Section 301 if that defendant satisfies the requirements of New York's long-arm statute, N.Y. C.P.L.R. § 302, which confers specific jurisdiction. Section 302(a)(1)[2] provides, in relevant part: "[A] court may exercise personal jurisdiction over any non-domiciliary, * * * who in person or through an agent: 1. transacts any business within the state * * *." Section 302(a)(1) permits the exercise of personal jurisdiction over an out-of-state defendant if (1) that defendant "transacts any business within the state" and (2) the claim arises from such business contacts. Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 22-23 (2d Cir. 2004); Agency Rent A Car, 98 F.3d at 29.

To meet the "transacting business" element, the plaintiff must demonstrate that the defendant "purposely availed [itself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its law * * *." Bank Brussels, 171 F.3d 779, 787 (quoting Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506, 509 (1970)). To determine whether a party has "transacted business in New York in the meaning of § 302(a)(1), the court must examine the totality of circumstances regarding the Defendant's interactions with and activities within the state." Bank Brussels, 171 F.3d at 787.

Initially, neither defendant's operation of a website that may reach New Yorkers, but which does not otherwise specifically target New Yorkers, nor its negligible volume of sales in New York, is sufficient to confer jurisdiction under Section 302(a)(1). See O'Keefe v. Blue & Gold Fleet, L.P., __ F. Supp.2d __, 2009 WL 1940249, at * 3 (E.D.N.Y. July 6, 2009), Universal

---

[2] N.Y. C.P.L.R. § 302(a)(1) is the only provision of the long-arm statute on which plaintiff relies to confer personal jurisdiction.

8

Grading Service v. eBay, Inc., No. 08-CV-3557, 2009 WL 2029796, at *7 (E.D.N.Y. June 10, 2009).

Although plaintiff submits documentary evidence purportedly showing that defendant used e-mails to communicate with him, one of which included an invitation to visit defendant for the purpose of inspecting the equipment plaintiff was interested in purchasing, the recipient of those e-mails was not, in fact, plaintiff, but a man named "Jose Luis Torres." In any event, defendant's use of e-mails to communicate with a New York domiciliary is insufficient to establish that defendant transacted business in New York, absent any indication that defendant intended to "project itself into ongoing New York commerce." Kulas v. Adachi, No. 96 Civ. 6674, 1997 WL 256957, at *7 (S.D.N.Y. May 16, 1997); see also Steinberg v. Bombardier Trust, Nos. 07 Civ. 1212, 07 Civ. 1217, 2008 WL 2787720, at * 3 (S.D.N.Y. July 9, 2008); Patel v. Patel, 497 F.Supp.2d 419, 428 (E.D.N.Y, 2007); Copeland v. Life Science Technologies, Ltd., No. 97 Civ. 0456, 1997 WL 716915, at * 2 (S.D.N.Y. Nov. 17, 1997). The Second Circuit has held that "(t)he mere fact that [defendant] engaged in *some* contact with a New York purchaser does not mean that [defendant] transacted business in New York." Berkshire Capital Group, LLC v. Palmet Ventures, LLC, No. 07-4511-cv, 307 Fed. Appx. 479, 481 (2d Cir. Dec. 16, 2008) (emphasis in the original). Since plaintiff has not demonstrated that defendant "project[ed] [itself] into [New York] to engage in a sustained and substantial transaction of business," see Fischbarg v. Doucet, 9 N.Y. 3d 375, 849 N.Y.S. 2d 501, 507, 880 N.E. 2d 22 (N.Y. 2007), defendant's motion to dismiss the complaint for lack of personal jurisdiction is granted.[3]

---

[3] Since plaintiff has not made a prima facie showing that defendant transacted business in New York, it is unnecessary to consider the "arising out of" element of specific jurisdiction. Furthermore, since neither general nor specific jurisdiction exists under New York law, it is unnecessary to determine whether personal jurisdiction would comport with due process requirements.

9

III. Conclusion

For the reasons stated herein, defendant's motion to dismiss the complaint for lack of personal jurisdiction is granted and the complaint is dismissed in its entirety. The Clerk of the Court is directed to close this case.

SO ORDERED

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 16, 2009
        Central Islip, N.Y.